IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 1:96-cr-00013-MR-WCM |
| vs. | ) | |
| | ) | |
| ALVIN LEWIS KINCAID | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 1:96-cr-00016-MR-WCM-1 |
| vs. | ) | |
| | ) | |
| ALVIN LEWIS KINCAID | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

This matter is before the court pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure for a determination of whether there is probable cause to believe that Defendant has violated the conditions of his supervised release as alleged in Petitions filed on July 16, 2021 (1:96-cr-00013-MR-WCM, Doc. 98; 1:96-cr-00016-MR-WCM-1, Doc. 29).

I.   Background

On July 19, 2021, Defendant made an initial appearance on the Petitions. He moved for the appointment of counsel, and his request was

1

allowed. The Government moved for detention, and preliminary revocation and detention hearings were scheduled for July 21, 2021.

On July 20, 2021, Defendant waived his right to immediate detention hearings. 1:96-cr-00013-MR-WCM, Doc. 101; 1:96-cr-00016-MR-WCM-1, Doc. 31. In addition, Defendant requested that his preliminary hearings be continued. 1:96-cr-00013-MR-WCM, Doc. 102; 1:96-cr-00016-MR-WCM-1, Doc. 32. Those motions were allowed, and the preliminary hearings were rescheduled.

On July 28, 2021, the court conducted a preliminary hearing in both cases. The Government was represented by Assistant United States Attorney David Thorneloe. Assistant Federal Public Defender Fredilyn Sison appeared with Defendant. As the allegations in the Petitions are the same, the court heard Defendant's matters simultaneously, with the parties consenting to that arrangement.

At the beginning of the hearing, Defendant requested that the Government's witnesses be sequestered, though consented for United States Probation Officer Justin Adams, who is Defendant's supervising probation officer, to remain in the courtroom. Defendant's motion was allowed without objection by the Government, and the Government's witnesses were excused from the courtroom.

2

The Government then called Colby Allman, a detective with the Hendersonville Police Department and a member of the Henderson County drug task force. He testified regarding the investigation of Defendant by state law enforcement personnel, the use of a confidential informant to conduct undercover purchases of controlled substances from Defendant, Detective Allman's application on June 30, 2021 to a North Carolina Superior Court Judge for a search warrant authorizing the search of Defendant's residence, and the subsequent execution of that search warrant on July 1, 2021. The Government also called Officer Adams. In addition, the Government offered the Petitions themselves, without objection by Defendant.

Defendant did not present any evidence.

At the conclusion of the hearing, and following oral argument, the undersigned found that probable cause existed with regard to Violation Numbers 1, 2, and 5. The undersigned took consideration of probable cause as to Violation Numbers 3 and 4 under advisement. This Order now follows.

## II. Discussion

Defendant argues that Detective Allman's testimony reveals so many irregularities and inconsistencies that none of his testimony should be considered as supporting a finding of probable cause.

Detective Allman admitted that although Defendant and his girlfriend (along with one juvenile) were present at the residence when the search

3

warrant was executed on July 1, 2021, and that neither of them was arrested or charged, Defendant did not receive a copy of the warrant at that time, and, that he still had not received a copy of the warrant as of the July 28, 2021 hearing. Detective Allman also stated that an inventory of the items seized had not yet been filed.

In addition, Detective Allman testified that – notwithstanding that Defendant was actively being supervised by the United States Probation Office in this district, and that local law enforcement knew of this fact – no one contacted the Probation Office prior to the execution of the search warrant for Defendant's residence. Detective Allman testified that he subsequently contacted Officer Adams by cell phone on Monday, July 5, 2021 (following execution of the search warrant on the preceding Thursday), but Officer Adams testified that he did not hear about the search of Defendant's residence on July 5, 2021 from Detective Allman. Rather, he first heard of the situation from a special agent with the Bureau of Alcohol Tobacco and Firearms on July 7. After Officer Adams expressed his displeasure to that ATF agent for the lack of information that had been provided to the Probation Office regarding the operation concerning Defendant, he subsequently received a call from Detective Allman, also on July 7.

Further, Officer Adams testified that he used the information he received from Detective Allman to prepare the Petitions in these matters.

4

Case 1:96-cr-00016-MR-WCM   Document 34   Filed 07/29/21   Page 4 of 7

Officer Adams testified that he also requested copies of the police report and search warrant but was told on July 14 by another member of the Henderson County drug task force that those documents "didn't exist" at the time. Officer Adams later received a copy of a property receipt (on July 19) though he did not receive a copy of the search warrant and police report until July 27, which was the day before the preliminary hearing.

Officer Adams described this as being an "atypical situation" and noted the importance of Probation Officers being apprised of potential law enforcement operations involving individuals under supervision. He also testified that Defendant had stated that he (Defendant) had been instructed not to notify Officer Adams regarding his contact with local law enforcement, though Defendant did not identify the person or persons who so instructed Defendant. Detective Allman testified that he did not know if anyone told Defendant not to advise the Probation Office of the situation, and the individuals who apparently spoke to Defendant at his residence on the day of the search did not testify at the hearing.

The information presented during the hearing has given the court reason to pause and reflect further on these matters.

Having done so, the undersigned is not persuaded that Detective Allman's testimony should be disregarded entirely. The apparent decision not to inform the United States Probation Office of the operation concerning

5

Defendant is puzzling and troubling, as is the suggestion that Defendant may have been instructed not to advise his supervising probation officer concerning his contact with local law enforcement. Likewise, the apparent delayed creation and/or handling of paperwork related to the search warrant raises some concerns.

Nonetheless, the narrow question before this court at this time is whether there is probable cause to believe that Defendant has committed the alleged new law violations of his supervised release in Violation Numbers 3 and 4, namely possession with intent to manufacture, distribute, or dispense a controlled substance and possession of a firearm by a felon. On that point, Detective Allman testified in detail about controlled buys of narcotics from Defendant, as well as numerous suspected controlled substances (in distribution amounts) and drug paraphernalia (including digital scales and small baggies) that were found at Defendant's residence, and even that Defendant himself directed law enforcement to the location of some substances. Likewise, though the evidence was less robust in this regard, Detective Allman testified that a 9mm pistol along with 32 rounds of 9mm ammunition, all of which were loaded in magazines, were found in a zippered bag at Defendant's residence, and that Defendant's girlfriend did not claim ownership of the firearm.

6

The undersigned therefore **FINDS** and **CONCLUDES** that there is probable cause to believe that Defendant has committed the new law violations as alleged in Violation Numbers 3 and 4 of the Petitions.

Signed: July 29, 2021

W. Carleton Metcalf
United States Magistrate Judge